J-S36023-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ROBERT TUCKER, | |
| Appellant | No. 82 EDA 2016 |

Appeal from the PCRA Order of December 18, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0010230-2010

BEFORE:  PANELLA, J., OLSON, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY OLSON, J.:                    **FILED JUNE 23, 2017**

Appellant, Robert Tucker, appeals *pro se* from the order entered on December 18, 2015, dismissing his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

The PCRA court ably summarized the underlying facts and procedural posture of this appeal.  As the PCRA court explained:

> [The victim in this case, T.C., was born in June 1992].  In 1997, at the age of five, the victim[] resided with her mother and [Appellant], her mother's paramour, in the basement of a house on 15th Street in Philadelphia.  In this basement arrangement, a wall separated the victim's bed from the bed shared by her mother and [Appellant].  The victim's mother was often drunk and was hospitalized for a period of two weeks during this time.  [Appellant] was responsible for watching the victim during her mother's hospitalization.
>
> While the victim's mother was hospitalized, [Appellant] sexually assaulted [the] victim.  Initially, [Appellant]

touched the victim by placing his hand on the skin outside of her vagina. Thereafter, but while her mother still remained in the hospital, [Appellant] repeatedly raped the victim, penetrating her vagina with his penis multiple times. [Appellant] also penetrated her vagina digitally multiple times. This molestation did not abate even after the victim's mother returned home from the hospital. Amidst an assault while the victim's mother was home, [Appellant] covered the victim's mouth with his hand when she was about to cry out and physically restrained her with his hands and body. He demanded that the victim be quiet and insisted that no one would believe her and no one loved her. Bravely, the victim notified her mother of [Appellant's] behavior, but her mother instructed her not to mention this again.

The abuse stopped after the victim, at age six, moved in with her aunt. Eventually, the victim was placed at Devereaux, a facility for teens who need extra help or supervision. At Devereaux, the victim met with a therapist, "Mr. Bob," to whom she reported [Appellant's] abuse in January 2010. In the presence of the victim, Mr. Bob immediately reported the incident to the police. . . .

The victim met with Vivian Boyle, a Philadelphia Department of Human Services representative, on January 26, 2010. The victim and Ms. Boyle also met on February 5, 2010 and March 4, 2010. The victim reported that the abuse occurred sometime when she was between the age of four and six. The victim was also interviewed by Officer Green of the Special Victims, Child Abuse Unit on February 15, 2010, and was examined at St. Christopher's Hospital during the investigation.

. . .

[On September 2, 2010, the Commonwealth filed its information against Appellant. The information charged Appellant with a number of crimes against the victim, including rape, endangering the welfare of children, and aggravated indecent assault. *See* Commonwealth's Information, 9/2/10, at 1-4]. On June 28, 2011, following a jury trial . . . , [Appellant] was found guilty of rape, endangering the welfare of children, [and] aggravated

- 2 -

indecent assault.[1]  On October 28, 2011, [the trial court] imposed terms of imprisonment of ten [] to [20 years'] for the charge of rape, [12 to 24 months'] for the charge of endangering the welfare of a child, and [two-and-a-half to five years'] for aggravated indecent assault, all to be served consecutively.

. . . On April 30, 2013, the Superior Court affirmed [Appellant's judgment of sentence and, on October 16, 2013, the Pennsylvania Supreme Court denied Appellant's petition for allowance of appeal. ***Commonwealth v. Tucker***, 75 A.3d 566 (Pa. Super. 2013) (unpublished memorandum) at 1-8, *appeal denied*, 77 A.3d 1260 (Pa. 2013)].

PCRA Court Opinion, 6/23/16, at 1-4 (internal footnotes and citations and some internal capitalization omitted).

On October 31, 2013, Appellant filed a *pro se*, timely, first PCRA petition.  Within the petition, Appellant claimed that his trial counsel was ineffective for failing to call the victim's mother as a witness.  Attachment to Appellant's PCRA Petition, 10/31/13, at 1-4.  Appellant also claimed that the trial court erred when it permitted the Commonwealth to amend the information and change the date upon which the alleged offenses occurred and when it permitted the Commonwealth to introduce evidence of Appellant's prior conviction for sexual assault against his daughter.  ***Id.*** at 17-19 and 25-26.

The PCRA court appointed counsel to represent Appellant during the proceedings.  However, on September 28, 2015, appointed counsel filed a

---

[1] 18 Pa.C.S.A. §§ 3121(a)(1), 4304, and 3125(a)(7), respectively.

no-merit letter and a request to withdraw as counsel, pursuant to *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988) and *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). After reviewing counsel's no-merit letter, the PCRA court issued Appellant notice, pursuant to Pennsylvania Rule of Criminal Procedure 907, of its intent to dismiss Appellant's petition in 20 days, without holding a hearing. PCRA Court Order, 11/9/15, at 1.

On November 17, 2015, Appellant filed a *pro se* response to counsel's *Turner*/*Finley* letter and, within this response, Appellant claimed that prior counsel was ineffective for failing to claim that the statute of limitations barred Appellant's prosecution and for failing to call "Dr. Bob" as a witness at trial. Appellant's Response, 11/17/15, at 1-8.

On December 18, 2015, the PCRA court dismissed Appellant's PCRA petition. Based upon representations made by Appellant and Appellant's PCRA counsel, it appears as if the PCRA court also granted counsel's petition to withdraw on December 18, 2015.[2] Appellant filed a timely notice of appeal and now raises the following claims on appeal:

---

[2] The PCRA court order of December 18, 2015 is not in the certified record; however, we have no reason to believe that the representations made by Appellant and his PCRA counsel are inaccurate. Moreover, following a hearing held on February 3, 2017, pursuant to *Commonwealth v. Grazier*, 713 A.2d 81 (Pa. 1998), the PCRA court determined that Appellant was permitted to act *pro se* on appeal. *See* PCRA Court Letter, 2/3/17, at 1. Therefore, it is clear that Appellant is properly acting *pro se* in this appeal.

1) Did the defense counsel violate [Appellant's] 6th[] and 14th Amendment rights? (Stickland, & Pierce Standard), & (Equal Protection of the Law)? When defense counsel failed to argue about expired statute of limitations (tolling statute), a failure of due process?

2) Did [Appellant's] counsel violate [Appellant's] 6th Amendment rights, for failing in issuing "duces tecum"[] to Mr. Bob, who was the victim's therapist? He was the first person that the victim had disclosed the allegations during session (sexual assaults) (delayed reporting [12 yrs-and 3 months later]).  It was Mr. Bob who had notified the authorities in front of the victim?

3) Why did the prosecuting attorney, petitioned the [courts] to amend the bill of information, when the records clearly indicated (by the complainant), when the alleged offense had allegedly took place?

Appellant's Brief at 6-8 (some internal capitalization omitted).[3]

As we have stated:

> [t]his Court's standard of review regarding an order dismissing a petition under the PCRA is whether the determination of the PCRA court is supported by evidence of record and is free of legal error.  In evaluating a PCRA court's decision, our scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the trial level.  We may affirm a PCRA court's decision on any grounds if it is supported by the record.

***Commonwealth v. Rivera***, 10 A.3d 1276, 1279 (Pa. Super. 2010) (internal citations omitted).

---

[3] For ease of discussion, we have re-ordered Appellant's claims on appeal.

To be eligible for relief under the PCRA, the petitioner must plead and prove by a preponderance of the evidence that his conviction or sentence resulted from "one or more" of the seven, specifically enumerated circumstances listed in 42 Pa.C.S.A. § 9543(a)(2). One of these statutorily enumerated circumstances is the "[i]neffectiveness of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." 42 Pa.C.S.A. § 9543(a)(2)(ii).

Counsel is, however, presumed to be effective and "the burden of demonstrating ineffectiveness rests on [A]ppellant." ***Commonwealth v. Rivera***, 10 A.3d 1276, 1279 (Pa. Super. 2010). To satisfy this burden, Appellant must plead and prove by a preponderance of the evidence that:

> (1) his underlying claim is of arguable merit; (2) the particular course of conduct pursued by counsel did not have some reasonable basis designed to effectuate his interests; and, (3) but for counsel's ineffectiveness, there is a reasonable probability that the outcome of the challenged proceedings would have been different.

***Commonwealth v. Fulton***, 830 A.2d 567, 572 (Pa. 2003). "A failure to satisfy any prong of the test for ineffectiveness will require rejection of the claim." ***Id.***

First, Appellant claims that his trial counsel was ineffective for failing to claim that the statute of limitations had expired on his charges and that the Commonwealth was thus barred from prosecuting him for his crimes. This claim fails.

The Commonwealth claimed that Appellant committed rape, endangering the welfare of children, and aggravated indecent assault against the victim from January 1, 1996 until June 23, 1998 – when the victim was between the ages of three-and-a-half to six years old. *See* N.T. Trial, 6/29/11, at 4-8 and N.T. Trial, 6/30/11, at 64. At this time, the relevant statute of limitations read:

> **(a) General rule.**--Except as otherwise provided in this subchapter, a prosecution for an offense must be commenced within two years after it is committed.
>
> **(b) Major offenses.--**A prosecution for any of the following offenses must be commenced within five years after it is committed:
>
>> (1) Under the following provisions of Title 18 (relating to crimes and offenses):
>>
>>> . . .
>>
>> Section 3121 (relating to rape).
>>
>>> . . .
>>
>> Section 3125 (relating to aggravated indecent assault).
>>
>>> . . .
>
> **(c) Exceptions.--**If the period prescribed in subsection (a) or subsection (b) has expired, a prosecution may nevertheless be commenced for:
>
>> . . .
>
>> (3) Any sexual offense committed against a minor who is less than 18 years of age any time up to the period of limitation provided by law after the minor has reached

18 years of age. As used in this paragraph, the term "sexual offense" means a crime under the following provisions of Title 18 (relating to crimes and offenses):

Section 3121 (relating to rape).

. . .

Section 3125 (relating to aggravated indecent assault).

. . .

Section 4304 (relating to endangering welfare of children).

. . .

**(d) Commission of offense.--**An offense is committed either when every element occurs, or, if a legislative purpose to prohibit a continuing course of conduct plainly appears, at the time when the course of conduct or the complicity of the defendant therein is terminated. Time starts to run on the day after the offense is committed.

**(e) Commencement of prosecution.--**Except as otherwise provided by general rule adopted pursuant to section 5503 (relating to commencement of matters), a prosecution is commenced either when an indictment is found or an information under section 8931(b) (relating to indictment and information) is issued, or when a warrant, summons or citation is issued, if such warrant, summons or citation is executed without unreasonable delay.

42 Pa.C.S.A. § 5552 (quoted provisions in effect from February 17, 1991 until December 19, 2000).

The victim was born in June 1992. Therefore, the Commonwealth had until June 2012 to charge Appellant with endangering the welfare of children and until June 2015 to charge Appellant with rape and aggravated indecent

assault.  *See* 42 Pa.C.S.A. § 5552(a), (b)(1), and (c).  The Commonwealth filed its information against Appellant on September 2, 2010 and, within the information, the Commonwealth charged Appellant with all three crimes. *See* Commonwealth's Information, 9/2/10, at 1-4.  As such, the statute of limitations did not bar the Commonwealth's prosecution against Appellant for rape, aggravated indecent assault, and endangering the welfare of children. Appellant's underlying claim thus has no arguable merit and the ineffectiveness of counsel claim fails.  *See Fulton*, 830 A.2d at 572.

Second, Appellant claims that his trial counsel was ineffective for failing to call the victim's therapist, "Dr. Bob," as a witness at trial. Appellant's Brief at 8.  The PCRA court thoroughly explained why Appellant's underlying claim lacks merit:

> According to [Appellant], [Dr. Bob] would have undermined the victim's testimony, particularly by testifying about the victim's other sexual encounters since her abuse that would have supported [Appellant's] claim that the victim was lying.
>
> Pennsylvania's Rape Shield law precludes testimony regarding an alleged victim's past sexual conduct.  [18 Pa.C.S.A. § 3104].  The relevant portion of the statute states[:]
>
>> Evidence of specific instances of the alleged victim's past sexual conduct, opinion evidence of the alleged victim's past sexual conduct, and reputation evidence of the alleged victim's past sexual conduct shall not be admissible in prosecutions under this chapter except evidence of the alleged victim's past sexual conduct with the defendant where the consent of the alleged victim is at issue and such evidence is otherwise admissible pursuant to the rules of evidence.

- 9 -

> *Id.*
>
> In the instant case, any testimony [Dr. Bob] could have offered regarding the victim's sexual history would have been precluded by the Rape Shield law. The exception of the Rape Shield law, which applies in cases where consent of the alleged victim is at issue, does not apply here where the victim was between [three-and-a-half] and six years old and could not consent.
>
> With the evidence of the victim's sexual history inadmissible, trial counsel could not have been ineffective for failing to call [Dr. Bob]. [Dr. Bob] would have merely corroborated the victim's testimony. [Dr. Bob's] knowledge of the offenses came solely from the victim's reporting the abuse. [Appellant] was not prejudiced by his trial counsel's decision to not put [Dr. Bob] on the stand because his testimony simply would not have been helpful to [Appellant's] case. Thus, [Appellant's] argument to the contrary is without merit.

PCRA Court Opinion, 6/23/16, at 6-7 (internal citations and footnote omitted).

Finally, Appellant claims that the trial court erred when it permitted the Commonwealth to amend the information on the date of trial. This claim is waived under the PCRA, as Appellant "could have raised [the claim] but failed to do so" in his direct appeal from his judgment of sentence. 42 Pa.C.S.A. §§ 9543(a)(3) and 9544(b). Therefore, Appellant is not entitled to relief on this claim.[4]

_____

[4] We note that any claim contained in the argument section of Appellant's brief, but which is not contained in the statement of questions involved section, is waived. Pa.R.A.P. 2116(a) ("[t]he statement of the questions involved must state concisely the issues to be resolved, expressed in the
*(Footnote Continued Next Page)*

Order affirmed. Jurisdiction relinquished.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>6/23/2017</u>

*(Footnote Continued)* ────────────

terms and circumstances of the case but without unnecessary detail. The statement will be deemed to include every subsidiary question fairly comprised therein. No question will be considered unless it is stated in the statement of questions involved or is fairly suggested thereby").